UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

CASE NO.: 07-21358

MATTHEW MULL,

    Plaintiff,

v.

M/Y LEDA, *in rem*, TRINITY
YACHTS, LLC, and TRINITY YACHT
SALES AND CHARTERING, LLC,

    Defendants.
_____/

CIV-HOEVELER

MAGISTRATE JUDGE
BROWN

## VERIFIED COMPLAINT

Plaintiff, MATTHEW MULL, pursuant to the general maritime laws of the United States and 46 U.S.C. § 31301, et seq. and other applicable tort laws, hereby sues the Defendants, M/Y LEDA, *in rem*, TRINITY YACHTS, LLC, and TRINITY YACHT SALES AND CHARTERING, LLC, and alleges as follows:

### JURISIDICTION AND VENUE

1. This is a maritime tort action for personal injuries sustained by Plaintiff while he was a passenger onboard the M/Y Leda.

2. This action gives rise to a preferred maritime lien against the Defendant Vessel M/Y LEDA pursuant to 46 U.S.C. § 31301(5)(B).

3. This is also an action for negligence under the general maritime laws of the United States against Defendant Trinity Yacht Sales and Chartering, LLC ("Owner"), and Defendant Trinity Yachts, LLC ("Operator").

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, 1333 and 1337.

5. Further, this is an admiralty or maritime claim against all Defendants within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. At all material times, the Defendant Motor Yacht "Leda" (hereinafter the "M/Y LEDA") was and is a United States flagged motor vessel with Official Number: 973933; Call Sign: WDB3922, doing business within the United States, and more particularly, within the State of Florida.

7. At all material times, Defendant Trinity Yacht Sales and Chartering, LLC, was and is a limited liability company organized under the laws of the State of Louisiana and is the record owner of the Defendant Vessel M/Y LEDA, with its principal place of business within the United States and doing business within the State of Florida.

8. At all material times, Trinity Yachts, LLC, was and is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business within the United States and doing business within the State of Florida and at all material times was the operator of the Defendant Vessel M/Y LEDA.

9. Matthew Mull was and is a United States citizen who was a passenger onboard the M/Y LEDA.

10. Venue is proper in the Southern District of Florida as all Defendants conduct business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

11. In November 2003, members of the crew of the M/Y LEDA began to experience symptoms of a Staphylococcus infection. Their symptoms included boils, lesions, severe coughing, and coughing up blood.

12. In or about November 2003, Aaron Garibaldi became the first crewmember of the M/Y LEDA to exhibit symptoms of Staphylococcus infection and was seen by doctors in St. Thomas, USVI. At the time, Garibaldi's condition was diagnosed and dismissed as spider bites.

13. Shortly thereafter, Jack Daniel, the chef on the Vessel, also contracted a Staphylococcus infection.

14. In or about December 2003, Jack Daniel's condition and symptoms became so severe that he was flown to Florida. Doctors in Florida confirmed he was infected with Staphylococcus and prescribed antibiotics as treatment.

15. Soon after Mr. Daniel's was diagnosed, one of the other crewmembers of the M/Y LEDA resigned his position on the Vessel due to his concern the condition of the Vessel was causing the crew to fall ill.

16. In or about December of 2003, John Dane, the owner of Trinity Yachts, LLC. (hereinafter "Trinity Yachts") and Trinity Yacht Sales and Chartering, LLC. (hereinafter "Trinity Chartering"), was notified of the condition of the crew and their diagnosis by medical professionals, but failed to take any action to address the situation.

17. In January 2004, Craig Cannon, the Captain of the Vessel, became the next victim of Staphylococcus infection. He exhibited a puss-filled boil on his left thigh and was treated by doctors in St. Martin.

18. Trinity Yachts and Trinity Chartering were once again notified and once again failed to take any action.

19. Shortly after becoming infected himself in or about January 2004, Captain Cannon informed Trinity Yachts and Trinity Chartering that he believed the crewmembers' symptoms resulted from the condition of the Vessel.

20. By that time, in or about January 2004, several members of the crew were regularly contracting boils and other skin lesions.

21. Diesel fuel, which is commonly known to breed bacteria, had been accumulating in the Vessel's forward bilge under the crew quarters and the floor boards of the Vessel became coated in what seemed to be mold and mildew.

22. Upon receiving this information from Captain Cannon, Trinity Yachts and Trinity Chartering once again failed to take any action to remedy the unseaworthiness of the Vessel.

23. In the months that followed the following pattern emerged: crewmembers would exhibit infectious symptoms, Trinity Yachts and Trinity Chartering would be notified, and no attempt would be made by Trinity Yachts or Trinity Chartering to cure the unseaworthy condition of the Vessel and prevent further infections.

24. On April 14, 2004, John Dane of Trinity and Trinity Chartering arrived on the Vessel. Dane was shown the crewmembers' symptoms and damages caused by the infection but exhibited little concern for the situation or the welfare of the crew.

25. By April of 2004, after numerous reports by the crew and first hand observation by Dane, Trinity and/or Trinity Chartering knew or should have known that the lesions and other symptoms of the crew were being caused by a bacterium on board the Vessel and not by spider bites.

26. In the spring of 2004, the Vessel arrived in New Orleans, Louisiana for its scheduled annual maintenance. Thereafter, apparently unconcerned with the condition of the Vessel or the crew, Trinity and/or Trinity Chartering directed the Vessel to depart on its scheduled charters out of Florida even though the unseaworthy condition had not been cured and the crew continued to experience infection symptoms including coughing up blood and experiencing boils, bumps and lesions on their bodies.

27. In March of 2004, Matthew Mull's mother, Tracy Mull, was employed by Trinity Yachts and Trinity Chartering as a crewmember of the M/Y LEDA.

28. Tracy Mull was not informed by Trinity Yachts or Trinity Chartering that the Vessel on which she was to live and work was infected with dangerous flesh eating bacteria.

29. In July of 2004, Trinity and Trinity Chartering held their scheduled "Family Week", where family members of the crew were invited to stay aboard the M/Y LEDA.

30. Matthew Mull (hereinafter "Mull"), not being aware of the dangerous condition of the Vessel, visited his mother, Tracey Mull, onboard the M/Y LEDA for family week.

31. During family week, Mull remained on the M/Y LEDA for approximately seven (7) days during the month of July.

32. During the seven (7) days Mull was onboard the M/Y LEDA, the vessel's chef suffered an outbreak of Staphylococcus. The chef exhibited more than twenty (20) lesions, pus-filled boils, bumps and open sores on his body.

33. Mull, being unaware of the danger, remained onboard the Vessel and in close proximity to infected members of the crew, including the highly contagious chef.

34. At no time did Trinity and/or Trinity Chartering warn Mull of the unseaworthy and dangerous condition of the M/Y LEDA.

35. In September of 2004, Mull experienced an outbreak of lesions and sought the medical attention of his school nurse, who misdiagnosed the sores as spider bites.

36. In February of 2005, Mull experienced another outbreak which included two painful sores on his back, each roughly the size of a nickel.

37. Mull sought treatment for his February 2005 outbreak from a general practice M.D. in California and this time was diagnosed as having MRSA (Methicillin Resistant Staphylococcus Aureus).

38. Just a month before Mull's second outbreak of MRSA, in January 2005, Mull's mother left her position onboard the M/Y LEDA because of MRSA related health concerns.

39. Finally, in or about September 2005, after several more crewmembers suffered infection and subsequent painful outbreaks, Trinity and/or Trinity Chartering took action and quarantined the remaining members of the crew in a house trailer in a Gulfport shipyard.

40. In December 2005, Trinity and/or Trinity Chartering hired Dusty Pearsall (Food Safety Systems) and Dr. Jim Thomas (Steris Corporation) to perform an intensive microbiological audit of the Vessel. Their findings were that the Vessel was terribly contaminated with MRSA.

41. As a result of the Defendants' negligence and their failure to warn Mull of a dangerous condition of which they knew or should have known, Matthew Mull sustained damages, including but not limited to, boils, lesions, scars, destroyed body tissue, severe pain and suffering and emotional distress.

## COUNT I
## NEGLIGENCE AGAINST TRINITY YACHTS

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, as if fully set forth herein.

43. This is a maritime tort action for personal injuries sustained by Plaintiff while he was a passenger onboard the M/Y Leda.

44. Defendant Trinity Yachts had a duty to exercise reasonable care under the circumstances, a duty not to negligently harm plaintiff and a duty to warn Plaintiff of dangers of which it knew or should have known.

45. Defendant Trinity Yachts breached its duties to Plaintiff by failing to exercise reasonable care to avoid causing personal injury to the Plaintiff and by failing to do any one or more of the following:

(a) properly maintain the vessel;

(b) warn Plaintiff of the unsanitary condition of the vessel;

(c) take suitable precautions to protect the Plaintiff under the circumstances and/or warn plaintiff of the unsafe and dangerous conditions then existing, of which Defendant had actual and/or constructive notice.

46. As a direct and proximate result of Defendant's failure to exercise reasonable care under the circumstances and/or warn of dangers of which Defendant knew or should have known, Plaintiff sustained damages including, but not limited to boils, lesions, scars, destroyed body tissue, severe pain and suffering and emotional distress.

15. As a further direct and proximate result of Defendant's actions and/or failures to act, Plaintiff will continue to suffer pain and mental anguish and has suffered

losses including, but not limited to, medical expenses and loss of enjoyment of a normal life. The losses are all permanent or continuing in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further and additional relief as the Court may deem just and appropriate under the circumstances.

## COUNT II
## NEGLIGENCE AGAINST TRINITY CHARTERING

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, as if fully set forth herein.

48. This is a maritime tort action for personal injuries sustained by Plaintiff while he was a passenger onboard the M/Y Leda.

49. Defendant Trinity Chartering had a duty to exercise reasonable care under the circumstances, a duty not to negligently harm plaintiff and a duty to warn Plaintiff of dangers of which it knew or should have known.

50. Defendant Trinity Chartering breached its duties to Plaintiff by failing to exercise reasonable care to avoid causing personal injury to the Plaintiff and by failing to do any one or more of the following:

(a) properly maintain the vessel;

(b) warn Plaintiff of the unsanitary condition of the vessel;

(c) take suitable precautions to protect the Plaintiff under the circumstances and/or warn plaintiff of the unsafe and dangerous conditions then existing, of which Defendant had actual and/or constructive notice.

51. As a direct and proximate result of Defendant's failure to exercise reasonable care under the circumstances and/or warn of dangers of which Defendant knew or should

have known, Plaintiff sustained damages including, but not limited to boils, lesions, scars, destroyed body tissue, severe pain and suffering and emotional distress.

15. As a further direct and proximate result of Defendant's actions and/or failures to act, Plaintiff will continue to suffer pain and mental anguish and has suffered losses including, but not limited to, medical expenses and loss of enjoyment of a normal life. The losses are all permanent or continuing in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further and additional relief as the Court may deem just and appropriate under the circumstances.

## COUNT III
## NEGLIGENCE AGAINST THE M/Y LEDA, *in rem*

52. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, as if fully set forth herein.

53. This is a maritime tort action for personal injuries sustained by Plaintiff while he was a passenger onboard the M/Y Leda.

54. This action gives rise to a preferred maritime lien against the Defendant Vessel M/Y LEDA pursuant to 46 U.S.C. § 31301(5)(B).

55. Defendants Trinity Yachts and Trinity Chartering breached its duties to Plaintiff by failing to exercise reasonable care to avoid causing personal injury to the Plaintiff and by failing to do any one or more of the following:

(a) properly maintain the vessel;

(b) warn Plaintiff of the unsanitary condition of the vessel;

(c) take suitable precautions to protect the Plaintiff under the circumstances and/or warn plaintiff of the unsafe and dangerous conditions then existing, of which Defendant had actual and/or constructive notice.

56. As a direct and proximate result of Defendant's failure to exercise reasonable care under the circumstances and/or warn of dangers of which Defendant knew or should have known, Plaintiff sustained damages including, but not limited to boils, lesions, scars, destroyed body tissue, severe pain and suffering and emotional distress.

15. As a further direct and proximate result of Defendant's actions and/or failures to act, Plaintiff will continue to suffer pain and mental anguish and has suffered losses including, but not limited to, medical expenses and loss of enjoyment of a normal life. The losses are all permanent or continuing in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant vessel *in rem* for damages, costs, and such further and additional relief as the Court may deem just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any issue triable of right by a jury.

Dated:  May 23, 2007    Respectfully submitted,

**MOORE & COMPANY, P.A.**
Counsel for Plaintiff
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email:  mmoore@moore-and-co.net

_____
Michael T. Moore, Esquire
Florida Bar No. 207845

## VERIFICATION

CLAY M NAUGHTON, being duly sworn, deposes and says:

1. I am one of the attorneys for Matthew Mull, Plaintiff herein, and this AFFIDAVIT is made in that capacity.

2. I have read the foregoing Verified Complaint and have been advised by my client that the contents are true, except as to those matters therein stated upon information and belief.

3. The reason I make this Verification is that my client is out of the state and unable to immediately sign this verification of the matters stated in the Verified Complaint.

4. The sources of my information and the grounds for my belief as to all matters stated in the Verified Complaint are based on the information provided by my client.

_____
CLAY M. NAUGHTON

STATE OF FLORIDA        )
                        ) ss.
COUNTY OF MIAMI-DADE    )

The foregoing instrument was acknowledged before me on this 22nd day of May, 2007, by CLAY M. NAUGHTON who is personally known to me.

_____
Gail Wasserman, Notary Public

GAIL WASSERMAN
Notary Public - State of Florida
My Commission Expires Jan 3, 2010
Commission # DD 503837
Bonded By National Notary Assn.

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

07-21358

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

CIV-MOEVELER
MAGISTRATE JUDGE
BROWN

## I. (a) PLAINTIFFS
Matthew Mull

### DEFENDANTS
M/Y Leda, in rem, Trinity Yachts, LLC and Trinity Yacht Sales and Chartering, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael T. Moore
Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Coral Gables, FL 33134; (786) 221-0600

Attorneys (If Known)

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 1:07cv21358/WMH/STB

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ✓ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ✓ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ✓ YES ☐ NO
JUDGE _____    DOCKET NUMBER 06-61656 and 06-61657

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
46 USC §31301 and 46 USC §31301(5)(B); Personal Injury

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____ DATE _____

FOR OFFICE USE ONLY
AMOUNT 350  RECEIPT # 960348  IFP