UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21358-CIV-HOEVELER/GARBER

MATTHEW MULL,

    Plaintiff,

v.

TRINITY YACHT SALES
AND CHARTERING, LLC,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Verified Motion to Tax Costs [DE 94]. The Court has received the Response in Opposition [DE 198], and the Reply [DE 199].

A prevailing party is entitled to costs unless the defeated party demonstrates a sound basis for denying them. *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2001); Fed. R. Civ. P. 54(d)(1). The Court has discretionary authority to award the costs delineated in 28 U.S.C. § 1920. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Under 28 U.S.C. § 1920, a Court may tax as costs, the following:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under Section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

In this case, the Defendant, Trinity Yacht Sales and Chartering, LLC, is the prevailing party. As the prevailing party, Trinity seeks reimbursement of costs under the statute for service of subpoenas, transcripts, witnesses, and photocopies. Trinity has provided the Court with the corresponding invoices and receipts.

Mull objects to the following costs: subpoenaing witnesses for depositions, then canceling the depositions without rescheduling them; subpoenas served that yielded no new viable evidence; and travel expenses for Dr. Alan I. Hartstein, for his appearance at trial. The Court will address each category of objections in turn.

## Discussion

The Eleventh Circuit Court of Appeals has found that private process server fees are taxable pursuant to 28 U.S.C. § 1920(1). *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). In his Response, Mull claims that Trinity is not entitled to reimbursement for subpoenas sent to individuals where the depositions were cancelled and never rescheduled. The Court agrees. Accordingly, the following costs for subpoenas shall not be taxed:

1. Ana Marie Sorriso, P.A. - $135.00
2. Roger Adamn Bitar, M.D. - $135.00
3. Grant Barrie Neifeld, M.D. - $135.00
4. Lorelei Darlene Tan, M..C. - $135.00
5. Athanasios James Foster, M.D. - $135.00
6. Craig Cannon - $64.00

Mull also objects to the costs associated with nineteen other subpoenas which were directed to records custodians. Mull claims that Trinity served these subpoenas in a "buckshot approach" which yielded no new viable evidence and that they were served only for investigation and to aid in preparation. Mull, however, does not put forth any evidence to support these contentions and Trinity

is not under any duty to demonstrate that the fees were necessarily incurred as § 1920(1) does not include the language, "necessarily obtained for use in this case." The Court notes that Trinity states that the records that were provided pursuant to the subpoenas were crucial to Plaintiff's allegations of physical injuries and loss of income. The Court understands the reasons for these fees and agrees that they are properly taxed.

While costs are proper, the amount that Trinity is requesting for all but four of the subpoenas is excessive. Though Mull did not raise this objection, the Court is within its discretion to reduce the fees that are claimed. While costs for private process servers are allowable, "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921." *W & O, Inc.*, 213 F.3d at 624. The U.S. Marshal Service's rate for service of process is $55.00 per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). In 2008, the rate was $45.00 per hour. 28 C.F.R. § 0.114(a)(3) (2008). The submitted invoices do not indicate how much time was spent effectuating service or other associated fees. Hence, the Court will award $45.00 for service on each person/company in September and October of 2008 and $55.00 for service on each person/company in 2009, unless a lower cost was actually incurred. *See Turcios v. Delicias Hispanas Corp.*, Case No. 07-20150-CIV, 2009 WL 1393238, at *5 (S.D. Fla. May 14, 2009). Accordingly, the Court hereby awards $931.00 for service of subpoenas.

Next, Mull objects to Dr. Alan I. Hartstein's travel expenses for his appearance at trial. Though Dr. Hartstein's address is in Miami, Dr. Hartstein interrupted a preplanned vacation in order to testify at the trial. The trial date had been rescheduled after Dr. Hartstein's vacation was planned and a flight at an economy rate was unavailable. Therefore, the Court awards the full amount for Dr.

3

Hartstein's travel expenses, $2,654.40.

After reviewing the record, the Court found the following two errors in the computation of the amount for exemplification/copies:

1. Date 7/27/07 - 4 copies @ .07 = .28
2. Date 8/17/07 - 2 copies @ .07 = .14

Accordingly, the Court awards $1,064.01 for exemplification/copies.

As to the remaining costs, Defendant has raised no objection. The court reporter fees, per diem witness fees, and remaining exemplification/copies costs are appropriate. The Court hereby

ORDERS that Defendant's Verified Motion to Tax Costs is GRANTED in part and DENIED in part as discussed above. It is further

ORDERED that the defendant shall, on or before ten (10) days from the date of this Order, submit to the Chambers email address a proposed order taxing costs as set forth above.

DONE AND ORDERED in Chambers at Miami, Florida this 1st day of December, 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE